IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| YOU "ROLAND" LI, individually and derivatively on behalf of AKIRIX L.L.C., a Utah Limited Liability Company; LARRY LEWIS, an individual; AKIRIX L.L.C., a Utah Limited Liability Company; KURIOUS, L.L.C., a Utah Limited Liability Company; LLC INVESTMENT HOLDINGS, L.L.C., a Utah Limited Liability Company,<br><br>    Plaintiffs,<br><br>v.<br><br>JACK LEWIS, an individual,<br><br>    Defendant,<br><br>INTERNAL REVENUE SERVICE, a Bureau of the DEPARTMENT OF TREASURY, UNITED STATES OF AMERICA, a necessary party,<br><br>    Stakeholder. | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO BIFURCATE<br><br><br>Case No. 1:20-CV-12 TS-PMW<br><br>District Judge Ted Stewart |
| AND ALL RELATED CLAIMS. | |

This matter is before the Court on a Motion to Bifurcate ("Motion"). For the reasons discussed below, the Court will grant the Motion.

> I.    BACKGROUND

This case arises from a dispute between two brothers over ownership of Akirix, LLC ("Akirix"). Plaintiff Larry Lewis ("Larry") alleges that he has an 86% ownership interest in Akirix, and that his brother, Jack Lewis ("Jack"), acted as his nominee/strawman/trustee/agent on Akirix's management documents. Under this theory, Jack was to receive 10% of Larry's

increase for acting as nominee. Plaintiff Roland Li ("Roland") is the undisputed owner of the remaining 14%.

At its inception, Larry, Akirix, and Roland sued Jack over Akirix's ownership. Jack responded with various counterclaims, third-party claims against various individuals and entities, and the United States was interpleaded as a necessary party. This case quickly grew large and cumbersome.

Under Jack's theory of the case, he is the owner of Akirix because he, not Larry, is the named owner in Akirix's operating agreement. Jack alleges that despite his ownership interest, Larry, Roland, Akirix's Chief Executive Officer Ed Cameron ("Ed"), and Larry's wife Nada Lewis ("Nada") moved money out of Akirix's accounts and into Plaintiff-controlled accounts. Plaintiffs also allegedly caused Akirix to contract with Midnight Management Services Group, LLC ("MMSG"), an entity managed by Nada, for services not approved by Jack. Jack further argues that even if Larry's theory prevails, he still owns 10% of Larry's 86%. Based on these allegations, Jack brought claims against Larry, Roland, Nada, MMSG, Mountain America Credit Union ("MACU"), Golden West Credit Union ("GWCU") and other various entities associated with Larry and Nada Lewis. Each of Jack's claims—except for a potential claim for unpaid nominee fees—rely on the assumption that he, not Larry, is Akirix's true owner.

Plaintiffs move to bifurcate the case into two phases. Under Plaintiffs' proposal, phase one will determine whether Jack or Larry is Akirix's majority owner, and phase two will address any remaining claims peripheral to the ownership issue. Plaintiffs argue that bifurcation will permit the Court to decide the case's primary issue first and then resolve all secondary or derivative issues not resolved by phase one's determination.

II. ANALYSIS

Under Fed. R. Civ. P. 42(b), "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Bifurcation is not the standard in a typical case.[1] A trial court, however, has broad discretion in any decision relating to bifurcation.[2] "Bifurcation is not an abuse of discretion if such interests favor separation of issues and the issues are clearly separable . . . [but] bifurcation is an abuse of discretion if it is unfair or prejudicial to a party."[3] When a court orders separate trials, it may stay discovery of the issues to be tried in the second trial pending resolution of the first action.[4] Courts typically consider the following factors in making their determination: (1) convenience and judicial economy, (2) avoidance of prejudice and confusion, (3) bifurcation of discovery.[5]

A. Convenience and Judicial Economy

Rule 42(b) allows a court to balance judicial economy and convenience in deciding whether to bifurcate a trial. Plaintiffs argue that resolution of the ownership issue will negate or severely limit, the need for a second trial phase.[6] Plaintiffs contend that the ownership issue is not overly complicated. Either Jack is Akirix's owner, or Larry owns Akirix and Jack acted as his nominee/strawman/agent/trustee. Plaintiffs argue that the ownership issue may be resolved

---

[1] *Sensitron, Inc. v. Wallace*, 504 F. Supp. 2d 1180, 1186 (D. Utah 2007).

[2] *See Easton v. City of Boulder*, 776 F.2d 1441, 1447 (10th Cir. 1985).

[3] *Angelo v. Armstrong World Indus., Inc.*, 11 F.3d 957, 964 (10th Cir. 1993) (internal citation omitted).

[4] *See, e.g.*, *Ellingson Timber Co. v. Great N. Ry. Co.*, 424 F.2d 497, 499 (9th Cir. 1970).

[5] *See In re Innotron Diagnostics*, 800 F.2d 1077, 1085 (Fed. Cir. 1986); *Ecrix Corp. v. Exabyte Corp.*, 191 F.R.D. 611, 613 (D. Colo. 2000).

[6] *See* Docket No. 5-63, at 3.

with limited fact discovery and a motion or short trial in contrast to the vast, multi-party discovery necessary to resolve the other issues. Plaintiffs are correct that by resolving the ownership issue, many of the parties' other claims and defenses would be resolved. Much time and resources would be saved by determining the relatively simple ownership question before proceeding to the more complex secondary and derivative issues.

B. Avoidance of Prejudice and Confusion

The Court may order a separate trial to avoid prejudice, but demonstrated prejudice may defeat a motion to bifurcate.[7] Plaintiffs assert multiple arguments for why they will be prejudiced if this case is not bifurcated. First, the perpetuation of this dispute poses a substantial risk to Akirix's continued operations. Pursuant to a court order, neither Jack nor Larry are operating Akirix, and neither party may do so until ownership is determined. When that issue is resolved, either Jack or Larry can resume control of Akirix's operations, and its ability to fully conduct business may resume. Second, were the Court to decline bifurcation, Akirix would be subject to extensive and costly discovery that it may not financially survive. Indeed, Plaintiffs argue that "there is a chance that Akirix may not even be able to survive a multi-year discovery process until a trial can be held . . . ."[8] Conversely, if the case is bifurcated and Larry's theory prevails, then limited discovery would be required to resolve Jack's remining claims. If Jack prevailed, however, voluminous discovery could be completed while Jack maintained control and ownership of Akirix. Third, Defendant would not be prejudiced by bifurcation because he already filed a motion for summary judgment on this very issue. Plaintiffs assert that "[i]f the issue of ownership is potentially simple enough to decide by motion at the outset of the case,

---

[7] *Angelo*, 11 F.3d at 964.
[8] *See* Docket No. 5-63, at 6.

then certainly the very same issue is not so complicated that it cannot be bifurcated from the remaining complexities of this case."[9]

Defendant argues that bifurcation will cause prejudice for two reasons. First, Defendant's defenses arise from Akirix's disputed ownership, and his claims and defenses are inseparable from the ownership issue. Defendant argues that were the Court to determine ownership prior to phase two, the factfinder would be misled by an ownership finding in determining defendant's remaining claims.[10] In Defendant's view, "Plaintiffs and Jack acted how they acted because of their view of ownership of Akirix."[11] Second, were the Court to bifurcate the case and determine ownership, the parties' incentive to cooperate, be on their best behavior, and strictly follow court orders would diminish.[12]

The Court concludes that Defendant will suffer no prejudice from bifurcation. A review of Defendant's counterclaims and third-party claims reveal that they are premised on the assumption that he owns Akirix. For example, Defendant's first counterclaim is against Larry, Roland, and Nada for failure to account for Akirix's finances. Only a member of an LLC has standing to demand an accounting.[13] If Larry is determined to be Akirix's owner, then Defendant's failure to account claim would fail because he lacks standing. Defendant would not be unfairly prejudiced by determining ownership prior to his other claims because his claims rise and fall based on an ownership finding, and Defendant would have a complete opportunity to litigate that issue prior to his peripheral claims.

---

[9] *See id.* at 4.

[10] *See* Docket No. 5-58, at 8.

[11] *See id.*

[12] *See id.*

[13] *See* Utah Code Ann. § 48-3a-410(1).

Additionally, were the Court to conclude that Larry is Akirix's rightful owner, then Jack contends he still maintains an 8.6% ownership interests, and thus his counterclaims would not necessarily be resolved by determining ownership in phase one.[14] Plaintiffs strongly dispute Jack's ownership under this theory because the nominee agreement gave Jack money, not equity.[15] Jack's argument does not cut against bifurcation because bifurcation could determine Jack's nominee status and the details of any alleged nominee agreement. Once that is determined, the parties could then assess any remaining, viable claims.

Defendant's second argument—that the parties' incentive to cooperate, behave, and follow court orders would diminish were the case bifurcated—is unconvincing. Threats of noncompliance, uncooperative parties, and poor behavior is not the type of prejudice contemplated by Rule 42(b). The Court is confident that the parties' counsel, as officers of the Court, would observe the rules of professional conduct and obey the Court's orders regardless of the Court's ruling on the ownership issue.

C. Bifurcation of Discovery

Separating trials and discovery on claims should be a last resort because proceeding separately on discovery for interrelated issues can be expensive and time consuming.[16] This case, however, would actually be less expensive and less time consuming through bifurcation because the discovery required to resolve the ownership issue is relatively minimal, and determination of that issue could knock-out discovery expenses for secondary issues. Were the Court to decline bifurcation, then the parties and issues subject to discovery would expand well beyond Larry,

---

[14] *See id.* at 6–7.

[15] *See* Docket No. 5-63, at 5 n.6.

[16] *See, e.g.*, *Ring v. Commercial Union Ins. Co.*, 159 F.R.D. 653, 657–58 (M.D.N.C. 1995).

Roland, and Jack's ownership dispute to include GWCU, MACU, Ed, Nada, MMSG, and potentially other financial institutions. Limiting discovery expenses and burdens is best served by bifurcation.

III.   CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion to Bifurcate (Docket No. 8) is granted. This case is bifurcated into two phases as follows:

1. **Phase One:** Phase One is limited to addressing the sole issue of Akirix's ownership. During Phase One, the parties are only permitted to file motions and conduct fact discovery related to the issue of ownership of Akirix. Document production, document preservation, and prohibitions consistent with any of the Court's prior orders continue to be in force during Phase One. All discovery shall be completed by May 8, 2020, with a dispositive motion deadline of June 8, 2020, and trial in August. Any discovery during Phase One that is outside the scope of the issue of ownership is stayed.
2. **Phase Two**: Phase Two should deal with all remaining, viable claims following the conclusion of Phase One.

DATED March 11, 2020

BY THE COURT:

Ted Stewart
United States District Judge