IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| YOU "ROLAND" LI, individually and derivatively on behalf of AKIRIX L.L.C., a Utah Limited Liability Company; LARRY LEWIS, an individual; AKIRIX L.L.C., a Utah Limited Liability Company; KURIOUS, L.L.C., a Utah Limited Liability Company; LLC INVESTMENT HOLDINGS, L.L.C., a Utah Limited Liability Company,<br><br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>JACK LEWIS, an individual,<br><br>　　　　　　　　Defendant,<br><br>INTERNAL REVENUE SERVICE, a Bureau of the DEPARTMENT OF TREASURY, UNITED STATES OF AMERICA, a necessary party,<br><br>　　　　　　　　Stakeholder. | MEMORANDUM DECISION AND ORDER GRANTING MOTIONS TO DISMISS<br><br><br>Case No. 1:20-CV-12 TS-PMW<br><br>District Judge Ted Stewart |
| AND ALL RELATED CLAIMS. | |

This matter is before the Court on a Motion for Summary Judgment and Motion to Dismiss by Counterclaim Defendants You "Roland" Li ("Roland") and Larry Lewis ("Larry"), a Motion to Dismiss by Third-Party Defendant Mountain America Credit Union ("MACU"), and a Motion to Dismiss by Third-Party Defendants Nada Lewis ("Nada") and Midnight Management Services Group, LLC ("MMSG"). The Court will grant the Third-Party Defendants' Motions to Dismiss and deny all other motions.

I. BACKGROUND

This case began from a dispute between two brothers, Larry and Jack Lewis ("Jack"), over an 86% ownership interest in Akirix, LLC ("Akirix"). It originated in the Second Judicial District Court for the State of Utah, but was removed to this Court when the United States Internal Revenue Service was added as a necessary party. While this case was pending in the Utah state court, Jack filed various counterclaims and third-party claims.

In Jack's Third-Party Complaint, the first, second, seventh, eighth, tenth, thirteenth, and fifteenth claims are alleged against Nada Lewis, Capital L, MMSG, or MACU. These individuals and entities were not parties to the original suit, and Jack attempted to implead them as third-party defendants.

Counterclaim Defendants, and Third-Party Defendants each filed a Motion to Dismiss on grounds that the Third-Party Defendants were improperly impleaded. Jack acknowledged that the Third-Party Defendants were improperly impleaded and filed a separate case against the Third-Party Defendants in the Second Judicial District Court for the State of Utah. Jack then moved to consolidate this case with the one against the Third-Party Defendants. Before the Utah court ruled on the Motion to Consolidate, this case was removed to this Court. On April 29, 2020, the Court denied Jack's Motion to Consolidate because a pending federal case cannot be consolidated with a pending state court action.[1]

II. STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[2] In considering

---

[1] *See* Docket No. 64.
[2] FED. R. CIV. P. 56(a).

whether a genuine dispute of material fact exists, the Court determines whether a reasonable jury could return a verdict for the nonmoving party in the face of all the evidence presented.[3] The Court is required to construe all facts and reasonable inferences in the light most favorable to the nonmoving party.[4]

In considering a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party.[5] Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face,"[6] which requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[7] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[8]

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[9] As the *Iqbal* Court stated,

> [o]nly a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the

---

[3] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Clifton v. Craig*, 924 F.2d 182, 183 (10th Cir. 1991).
[4] *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wright v. Sw. Bell Tel. Co.*, 925 F.2d 1288, 1292 (10th Cir. 1991).
[5] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).
[6] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).
[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[8] *Id.* (quoting *Twombly*, 550 U.S. at 557) (alteration in original).
[9] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.[10]

## III. ANALYSIS

A. Counterclaim Defendants Summary Judgment and Motion to Dismiss

Counterclaim Defendants move for summary judgment on Jack's seventh cause of action. Jack's seventh cause of action is for breach of contract against MACU, and contains no allegations against Counterclaim Defendants.[11] This raises the novel question of whether a party has standing to move for summary judgment on a coparty's behalf when no allegations are alleged against the movant.

Federal Rule of Civil Procedure 56 states that only a "party" may move for summary judgment. Jack's seventh claim is only alleged against MACU, and thus Counterclaim Defendants are not parties to this claim between Jack and MACU. MACU also filed its own motion to dismiss thereby negating any need for Counterclaim Defendants to file any motions on its behalf. Counterclaim Defendants' are not a party, within the meaning of Rule 56, to Jack's seventh cause of action and summary judgment is, therefore, procedurally improper.

Similarly, Rule 12(b) states that only a "party" may assert the 12(b) defenses by motion.[12] Counterclaim Defendants move to dismiss only those claims against the Third-Party Defendants. For substantially the same reasons, Counterclaim Defendants are not involved in Jack's claims against the Third-Party Defendants. The Motion to Dismiss will be denied.

B. Third-Party Defendants Motion to Dismiss

Rule 14 of the Federal Rules of Civil Procedure permits a defending party to "serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim

---

[10] *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted).
[11] *See* Docket No. 9, at 54.
[12] *See* FED. R. CIV. P. 12(b).

against it."[13] The purpose of Rule 14 is to "accomplish in one proceeding the adjudication of the rights of all persons concerned in the controversy and to prevent the necessity of trying several related claims in different lawsuits."[14] Typically, Rule 14 is invoked in two scenarios: "(1) where a tortfeasor is seeking contribution from a joint tortfeasor, and (2) where an insured is pursuing indemnification."[15] Although not limited to those two scenarios, "claim[s] may be asserted under this rule only when the third party's liability is in some way dependent on the outcome of the main claim or when the third party is secondarily liable to the defendant."[16] Put differently, the defendant's third-party claim "cannot simply be a related claim or one arising against the same general background, but must be based on the plaintiff's claim of liability against the original defendant."[17]

Here, Jack makes no allegations that the Third-Party Defendants are liable to Jack if Plaintiffs prevail. Instead, Jack makes novel claims that arise out of the same general background of his dispute with Larry over Akirix's ownership. Jack admits that he mistakenly filed a third-party complaint when he should have filed a separate complaint.[18] He also filed a separate complaint in Utah's Second Judicial District Court and moved to consolidate those claims with this case. The Court denied that request.[19] The Motions to Dismiss will be granted because Third-Party Defendants are improper Rule 14 parties.

---

[13] *See* FED. R. CIV. P. 14(a)(1).
[14] *United States v. Acord*, 209 F.2d 709, 712 (10th Cir. 1954).
[15] *Admin. Comm. Of Wal-Mark Assocs. Health and Welfare Plan v. Willard*, 216 F.R.D. 511, 513 (D. Kan. 2003).
[16] *Bethany Med. Center v. Harder*, 641 F. Supp. 214, 217 (D. Kan. 1986).
[17] *Id.*; *accord United States Fidelity & Guaranty Co. v. American State Bank*, 372 F.2d 449, 450 (10th Cir. 1967).
[18] *See* Docket No. 5-89, at 14 ("Plaintiff is correct in asserting that Jack's third-party claims are not sufficiently derivative to the claims in Larry and Roland's complaint.").
[19] *See* Docket No. 64.

III. CONCLUSION

It is therefore

ORDERED that Counterclaim Defendants' Partial Motion for Summary Judgment (Docket No. 12) is DENIED. It is further

ORDERED that Counterclaim Defendants' Motion to Dismiss (Docket No. 10) is DENIED. It is further

ORDERED that Counterclaim Defendants' Motion for Joinder (Docket No. 18) is DENIED. It is further

ORDERED that Third-Party Defendants Motions to Dismiss (Docket Nos. 13 and 14) are GRANTED.

DATED May 14, 2020

BY THE COURT:

_____
Ted Stewart
United States District Judge