IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| YOU "ROLAND" LI, individually and derivatively on behalf of AKIRIX L.L.C., a Utah Limited Liability Company; LARRY LEWIS, an individual; AKIRIX L.L.C., a Utah Limited Liability Company; KURIOUS, L.L.C., a Utah Limited Liability Company; LLC INVESTMENT HOLDINGS, L.L.C., a Utah Limited Liability Company,<br><br>Plaintiffs,<br><br>v.<br><br>JACK LEWIS, an individual,<br><br>Defendant,<br><br>INTERNAL REVENUE SERVICE, a Bureau of the DEPARTMENT OF TREASURY, UNITED STATES OF AMERICA, a necessary party,<br><br>Stakeholder. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION REGARDING ORDER TO SHOW CAUSE AND MOTION FOR REASONABLE COMPENSATION<br><br><br>Case No. 1:20-CV-12 TS-PMW<br><br>District Judge Ted Stewart |
| AND ALL RELATED CLAIMS. | |

This matter is before the Court on Plaintiffs' Motion Regarding a Hearing on an Order to Show Cause and for Reasonable Compensation. For the following reasons, the Court will grant in part and deny in part the Motion.

I. BACKGROUND

This case arises from a dispute between two brothers, Larry Lewis ("Larry") and Jack Lewis ("Jack") over an 86% ownership interest in Akirix, LLC ("Akirix"). Akirix assists international companies in conducting secured transactions across the internet.

1

On October 10, 2019, this case was pending in the Second Judicial District Court for the State of Utah and was subsequently removed to this Court. Prior to removal, the Utah court issued an order that, among other things, prohibited any compensation or distribution from Akirix to the parties or their immediate families. On December 10, 2019, Jack filed a motion for an order to show cause and alleged that Plaintiffs violated the Utah court's order. In relevant part, Jack alleged that Akirix paid money to a company called Midnight Management Service Group LLC ("MMSG"). MMSG's sole member is Nada Lewis ("Nada"), Larry's wife, and she received $5,000 a month as compensation from MMSG.

The Court granted Jack's motion and ordered Plaintiffs to appear and show cause as to why the Court should not find Plaintiffs in contempt for failure to obey the Utah court's order. Plaintiffs filed the Motion now before the Court in response to the Court's order. Plaintiffs' Motion argues that Nada has agreed to sequester all monies received from MMSG. At the Court's direction, Nada has agreed to pay all monies back to MMSG and will receive no further compensation for her services. Plaintiffs argue that this arrangement negates the need for the show cause hearing. Additionally, Plaintiffs motion the Court for reasonable compensation for their work on Akirix's behalf.

## II. ANALYSIS

A. Order to Show Cause

Jack originally moved the Court to Order Plaintiffs to show cause on three issues. First, Jack alleged that some monies paid from Akirix to MMSG were then paid to Nada Lewis ("Nada") in violation of the Court's order.[1] Second, that Jack did not have the same access to

---

[1] *See* Docket No. 5-123, at 3–4.

Akirix's financial accounts.[2] Third, Plaintiffs failed to pay utility bills that were in Jack's name.[3] The Court granted Jack's motion with respect to monies paid to Nada Lewis, but denied the motion as to the financial account access and utility bills.[4]

Jack now argues that the approximately $25,000 paid from MMSG to Nada does not warrant an order to show cause.[5] Instead, Jack now takes issue with all monies paid by Akirix to MMSG "other than clear and documented payroll fees."[6] This is an entirely different issue from that which Jack originally requested under his original motion for an order to show cause. Indeed, Jack's Reply Memorandum supporting his Motion for Order to Show Cause, makes no mention of any other monies at issue other than the $5,000 monthly payment from MMSG to Nada.[7] Jack has not requested that the Court reconsider its prior order, nor has Jack requested that the Court order Plaintiffs to show cause regarding monies paid by Akirix to MMSG. In short, the Court's Order to Show Cause was limited to the issue of compensation received by Nada from MMSG.[8]

In an effort to alleviate the need for a hearing, Nada has agreed to sequester all funds she received from MMSG into a separate bank account. Jack argues that sequestering Nada's compensation is insufficient to cancel the evidentiary hearing because doing is "taking funds from one account which Nada has sole control over and placing them into a separate account which Nada has sole control over . . . ."[9] Jack's concern will be alleviated by the Court ordering

---

[2] *See* Docket No. 5-98, at 8.
[3] *See id.*
[4] *See* Docket No. 32, at 5.
[5] *See* Docket No. 55, at 4.
[6] *Id.* at 3.
[7] *See* Docket No. 5-123, at 3–4.
[8] *See* Docket No. 32, at 5.
[9] *See* Docket No. 55, at 5–6.

Nada to sequester the funds into an account controlled by her attorney until the Court orders otherwise.

      B. Compensation

Plaintiffs allege that, pursuant to the order of the Utah court, Larry, Nada, and Roland have not received compensation for their work on Akirix's behalf, and now request that the Court permit them to receive compensation for their labor.[10] Jack recently filed a Motion for a Prejudgment Writ of Attachment and a Motion for a Temporary Restraining Order in which Jack alleges that Plaintiffs have transferred significant amounts of money from Akirix to Plaintiff-controlled entities and for Plaintiffs' benefit. The Court has ordered briefing on the Writ of Attachment and Motion for a Temporary Restraining Order. Until the Court can determine the veracity of Jack's allegations, the Court will deny Plaintiffs' request for compensation because the compensation issue is intertwined with Jack's pending motions before the Court.

### III. CONCLUSION

It is therefore

ORDERED Plaintiffs' Motion Regarding the Hearing on Order to Show Cause and Motion for Reasonable Compensation (Docket No. 38) is GRANTED in part and DENIED in part. The hearing set for June 22, 2020, is STRICKEN. It is further

ORDERED that monies paid from MMSG to Nada Lewis since October 10, 2019, be sequestered in an account controlled by Nada's attorney. It is further

ORDERED that the United States of America's Motion for Leave to Appear by Telephone (Docket No. 36) is DENIED as moot.

---

[10] *See* Docket No. 38, at 6–7.

DATED May 18, 2020

BY THE COURT:

Ted Stewart
United States District

DATED May 18, 2020

           BY THE COURT:

           _____
           Ted Stewart
           United States District