IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| YOU "ROLAND" LI, individually and derivatively on behalf of AKIRIX L.L.C., a Utah limited liability company; et al., | MEMORANDUM DECISION AND ORDER |
| Plaintiffs, | |
| v. | |
| JACK LEWIS, an individual, | Case No. 1:20-cv-00012-TS-JCB |
| Defendant, | |
| INTERNAL REVENUE SERVICE, a Bureau of the DEPARTMENT OF TREASURY, UNITED STATES OF AMERICA, a necessary party, | District Judge Ted Stewart |
| Stakeholder. | Magistrate Judge Jared C. Bennett |
| AND ALL RELATED CLAIMS. | |

Under 28 U.S.C. § 636(b)(1)(A), District Judge Ted Stewart referred this case to Magistrate Judge Paul M. Warner for whom Magistrate Judge Jared C. Bennett has taken over due to Judge Warner's retirement.[1]  Before the court is Defendant Jack Lewis' ("Jack") motion to disqualify counsel for Plaintiff Larry Lewis ("Larry").[2]  The court has carefully reviewed the

---

[1] ECF Nos. 26-27, 91.

[2] ECF No. 7.

written memoranda submitted by the parties. Under DUCivR 7-1(f), the court has concluded that oral argument is not necessary and, therefore, decides the motions on the written memoranda.

## INTRODUCTION

This action is about the disputed ownership, operation, and structure of Akirix L.L.C. ("Akirix"), which is a closely held company. Jack and Larry are at the center of that dispute.

Jack seeks to disqualify Larry's counsel, the law firm of Ray Quinney & Nebeker P.C. and several of its attorneys (collectively, "Ray Quinney"). Jack contends that Ray Quinney has represented and currently represents both Akirix and Larry. Based upon Ray Quinney's alleged representation of Akirix, Jack argues that Ray Quinney must be disqualified from representing Larry in this case for two reasons. First, Jack asserts that through Ray Quinney's alleged representation of Akirix, Ray Quinney obtained confidential information about Akirix, thereby creating a conflict of interest in representing Larry in this action. Second, Jack asserts that because he is the sole voting member and manager of Akirix, Ray Quinney must obtain his informed consent to represent Larry in this matter. Based upon those assertions, Jack argues that Ray Quinney's representation of Larry in this action violates several provisions of the Utah Rules of Professional Conduct ("URPC") and, therefore, disqualification of Ray Quinney is necessary.

Larry opposes Jack's motion. In doing so, Larry provides evidence in the form of documents and a declaration stating what Ray Quinney did and did not do for Akirix. More importantly, Larry provides evidence that Ray Quinney did not obtain any confidential information about what Jack calls Akirix's "inner workings." Notably, Jack did not file a reply memorandum in support of his motion.

## **LEGAL STANDARDS**

The determination about whether disqualification is an appropriate remedy is "left to the discretion of the trial court." *Flying J Inc. v. TA Operating Corp.*, No. 1:06-CV-30TC, 2008 WL 648545, at *6 (D. Utah Mar. 10, 2008). "[D]isqualification of counsel is a drastic measure and a court should hesitate to impose it except when necessary." *Procter & Gamble Co. v. Haugen*, 183 F.R.D. 571, 574 (D. Utah 1998) (quotations and citation omitted). "[F]ederal courts have treated a motion for disqualification as one that should only rarely be granted." *Parkinson v. Phonex Corp.*, 857 F. Supp. 1474, 1480 (D. Utah 1994). "[A] motion to disqualify is to be viewed with extreme caution, . . . recognizing the possible unfair advantage that may result depending on the circumstances." *Id*.

The moving party bears the burden of establishing that disqualification is necessary. *Id*. To satisfy that burden, the moving party cannot rely upon conclusory allegations or speculative conflicts. *Haugen*, 183 F.R.D. at 574 ("[A] speculative conflict is insufficient for disqualification."). Additionally, the moving party must diligently pursue the remedy of disqualification once that party learns of the alleged basis for disqualification. *Yanaki v. Daniel*, No. 2:07CV648 DAK, 2009 WL 1325054, at *3 (D. Utah May 6, 2009) (noting parenthetically that "'[a] motion to disqualify counsel must be immediately filed and diligently pursued as soon as the party becomes aware of the basis for disqualification, and it may not be used as a manipulative litigation tactic'") (quoting *Zions First Nat'l Bank v. Barbara Jensen Interiors, Inc.*, 781 P.2d 478, 480-81 (Utah Ct. App. 1989)); *Flying J Inc.*, 2008 WL 648545, at *9 ("It is well-settled that disqualification motions must be diligently pursued to avoid waiver and may not be used as strategic litigation tactics.") (quotations, citation, and footnote omitted).

> The sanction of disqualification of counsel in litigation situations should be measured by the facts of each particular case as they bear upon the impact of counsel's conduct upon the trial.  The egregiousness of the violation, the presence or absence of prejudice to the other side, and whether and to what extent there has been a diminution of effectiveness of counsel are important considerations.  In addition, equitable considerations such as the hardship to the other side and the stage of trial proceedings are relevant.  The essential issue to be determined in the context of litigation is whether the alleged misconduct taints the lawsuit.

*Parkinson*, 857 F. Supp. at 1476.

## ANALYSIS

With those principles in mind, the court denies Jack's motion for two reasons.  First, Jack did not diligently pursue disqualification.  Second, Jack fails to show that disqualification is necessary.  Each ground for denial is explained in order below.

**I.      Jack Did Not Diligently Pursue the Remedy of Disqualification.**

Jack's lack of diligence in pursuing the remedy of disqualification by itself dooms his motion.  Seeking to disqualify counsel must be immediately raised and "'diligently pursued as soon as the party becomes aware of the basis for disqualification.'"  *Yanaki*, 2009 WL 1325054, at *3 (parenthetically quoting *Zions First Nat'l Bank*, 781 P.2d at 480-81); *see also D.J. Inv. Grp., L.L.C. v. DAE/Westbrook, L.L.C.*, 113 P.3d 1022, 1024 (Utah Ct. App. 2005) (affirming trial court's denial of motion to disqualify counsel where the moving party was aware of the basis for the motion at least three months prior to its filing); *Zions First Nat'l Bank*, 781 P.2d at 480-81 (affirming trial court's denial of motion to disqualify where the movant knew of the basis for the motion at the outset of settlement negotiations but did not file the motion until more than three months later).  Litigation is the search for truth; it is not a game of "gotcha."  Therefore, the movant cannot sit back and delay raising the issue of disqualification until a strategically opportune time.

Instead of even raising the issue of disqualification when Jack became aware of Ray Quinney's representation of Larry, Jack waited over three months to seek disqualification. Larry has come forward with persuasive evidence indicating that Jack and his counsel engaged in detailed settlement negotiations with Larry and Ray Quinney over a period of approximately three months in 2019 immediately prior to the filing of this action. Additionally, Larry has come forward with evidence indicating that at no time during those settlement discussions did Jack or his counsel ever object to Ray Quinney's representation of Larry. Importantly, Jack has not disputed that evidence. None of these uncontested facts excuses Jack's three-month delay, which requires denial of his motion. *Yanaki*, 2009 WL 1325054, at *3; *Flying J Inc.*, 2008 WL 648545, at *9; *D.J. Inv. Grp., L.L.C.*, 113 P.3d at 1024; *Zions First Nat'l Bank*, 781 P.2d at 480-81.

## II.   Jack Fails to Show that Disqualification Is Necessary.

Even assuming *arguendo* that Jack timely raised the issue of disqualification, his motion would still fail because disqualification is unnecessary here. As noted above, when determining whether disqualification of Ray Quinney is necessary, the court must consider the facts of this case to determine whether Ray Quinney's alleged misconduct of counsel taints this action. *Parkinson*, 857 F. Supp. at 1476. In reaching that determination, the court considers several factors, including: (1) the egregiousness of the alleged violation, (2) prejudice to the nonmoving party, (3) whether and to what extent there has been a diminution of effectiveness of counsel, (4) hardship to the nonmoving party, and (5) the stage of trial proceedings. *Id.* In this case, the court need not reach any factors beyond the first because the court concludes that Ray Quinney did not commit a violation of any rules that would potentially invoke a duty to disqualify.

In arguing that Ray Quinney needs to disqualify, Jack relies upon conclusory and speculative assertions concerning Ray Quinney's alleged representation of Akirix and the existence of a conflict of interest.  As previously noted, however, Jack cannot satisfy his burden of demonstrating that disqualification is necessary by relying upon conclusory allegations or speculative conflicts.  *Haugen*, 183 F.R.D. at 574 ("[A] speculative conflict is insufficient for disqualification.").  Furthermore, Ray Quinney has come forward with competent, uncontested evidence showing that: (1) Ray Quinney never actually represented Akirix, but instead only represented Larry personally; (2) at most, during a four-day period in March 2019, Akirix contemplated retaining Ray Quinney for a proposed company audit, but no engagement letter was ever signed; and (3) during that four-day period, Ray Quinney did not receive any Akirix documents, have electronic access to any Akirix documents, perform any work on behalf of Akirix, interview any of Akirix's officers or employees, and, therefore, did not invoice Akirix for any billable hours.  Importantly, Jack did not attempt to refute that evidence.  As such, the court is left to conclude that Ray Quinney did not, and does not, represent Akirix.  Thus, Jack's arguments about alleged violations of the URPC based upon a conflict of interest must fail.  Accordingly, the court concludes that Jack has failed to carry his burden of demonstrating that disqualification is necessary.[3]

---

[3] Jack further argues that Ray Quinney violated the URPC based upon its failure to obtain Jack's informed consent to represent Larry in this matter.  For Jack's argument to be valid, the court would have to agree with his assertion that he is the sole voting member and manager of Akirix.  The court cannot do so.  Not only is Jack's assertion on that point conclusory and without factual support, it goes to one of the ultimate issues in dispute in this case.  As such, Jack's arguments concerning Ray Quinney's alleged violation of the URPC based upon its failure to obtain informed consent are without merit.

## **ORDER**

Based upon the foregoing, IT IS HEREBY ORDERED that Jack's motion to disqualify counsel for Larry[4] is DENIED.

IT IS SO ORDERED.

DATED June 15, 2020.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[4] ECF No. 7.