IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| YOU "ROLAND" LI, individually and derivatively on behalf of AKIRIX L.L.C., a Utah Limited Liability Company; LARRY LEWIS, an individual; AKIRIX L.L.C., a Utah Limited Liability Company; KURIOUS, L.L.C., a Utah Limited Liability Company; LLC INVESTMENT HOLDINGS, L.L.C., a Utah Limited Liability Company,<br><br>Plaintiffs,<br><br>v.<br><br>JACK LEWIS, an individual,<br><br>Defendant,<br><br>INTERNAL REVENUE SERVICE, a Bureau of the DEPARTMENT OF TREASURY, UNITED STATES OF AMERICA, a necessary party,<br><br>Stakeholder. | MEMORANDUM DECISION AND ORDER DENYING MOTION FOR ORDER TO SHOW CAUSE<br><br>Case No. 1:20-CV-12 TS-JCB<br><br>District Judge Ted Stewart |
| AND ALL RELATED CLAIMS. | |

This matter is before the Court on Defendant Jack Lewis's Motion for Order to Show Cause. For the reasons discussed below, the Court will deny the Motion.

I. BACKGROUND

This case arises from a dispute between two brothers over an 86% ownership interest in Akirix, LLC ("Akirix"). Plaintiff Larry Lewis ("Larry") and Plaintiff Roland Li ("Roland") founded Akirix in 2011 and have grown it over the past nine years. Roland is the undisputed

1

owner of the remaining 14%. Ed Cameron ("Ed") is Akirix's court-appointed Chief Executive Officer, and Nada Lewis ("Nada") is Larry's wife.

Prior to removal to this Court, this case was before the Second Judicial District Court for the State of Utah. The state court entered a preliminary injunction (the "Injunction") and subsequent orders ("Orders") that prohibited either party form accessing any of Akirix's funds until ownership is established. Following the Injunction and Orders, the Case was removed to this Court on February 3, 2020.

On October 10, 2019, the Utah court prohibited any compensation or distribution from Akirix to the parties or their immediate families. The parties dispute, however, whether the state court's prohibition extended to entities controlled by the parties or their immediate families.

This is Jack's second motion for an order to show cause before this Court. In Jack's first motion, he alleged that monies were paid from Akirix to a company called Midnight Management Service Group, LLC ("MMSG")—a company that is operated by Nada—and MMSG paid Nada a $5,000 monthly salary from those funds. The Court granted the motion as to the monies paid to Nada, but later granted Plaintiffs' motion to have those funds sequestered and to cancel the show cause hearing. Jack now claims that Akirix's payments to MMSG violated the state court's Orders.

## II.  DISCUSSION

Civil contempt is remedial in nature and seeks to "compensate for losses sustained by one party due to another party's disobedience of a court order and to compel future compliance with court orders."[1] "To prevail in a civil contempt proceeding, the [movant] has the burden of proving by clear and convincing evidence, that a valid court order existed, that the defendant had

---

[1] *Entech Sys., Inc. v. Bhaskar*, 72 F. Supp. 2d 1272, 1276 (D. Kan. 1999).

knowledge of the order, and that the defendant disobeyed the order."[2] The defendant is excused from a civil contempt finding if it can show that it complied with a good-faith, reasonable interpretation of the order.[3] It is also a defense to a civil contempt claim if the defendant takes all reasonable steps and substantially complies with the court order.[4]

Jack asserts that Plaintiffs violated the Orders by causing Akirix to pay eight MMSG invoices because MMSG is completely controlled by Nada. Jack's motion will be denied for two reasons.

First, Jack is before the Court with unclean hands. The Court's previous decisions make clear that the Court is unwilling to aid the parties from the consequences of their fraud.[5] This means that the Court will not afford relief to either party.[6] Therefore, Jack cannot successfully move the Court for compensation when his unclean hands prevent him from suffering remediable loss.

Second, Plaintiffs have demonstrated that they complied with a good-faith, reasonable interpretation of the Orders. The parties dispute whether the Orders prohibited monetary exchanges between Akirix and Plaintiff-controlled entities. No written order prohibited such transfers, but the state Court's oral ruling is subject to such an interpretation. In relevant part, Jack's attorney expressed concern that Akirix's money was being dispersed to Nada.[7] Jack's

---

[2] *Reliance Ins. Co. v. Mast Constr. Co.*, 159 F.3d 1311, 1315 (10th Cir. 1998) (internal citation omitted).
[3] *Spectra Sonics Aviation, Inc. v. Ogden City*, 931 F.2d 63, 1991 WL 59369 at *2 (10th Cir. 1991) (unpublished).
[4] *Id.*
[5] *See* Docket No. 66, at 10; Docket No. 106, at 6–7.
[6] *See* Docket No. 66, at 10; Docket No. 106, at 6–7.
[7] *See* Docket No. 5-112 at 59 ("The part of the other issues, your Honor, is that – the big issue we have is we have Mr. Lewis's wife who is just as – just as in this company as he is and money is getting transferred to her.").

attorney asked the court "I'm assuming the Court is going to say no money is going to be transferred to [Nada] or any company that she has as well. I'm assuming the Court meant that as well."[8] The court answered "Yeah" and said "And at this point I'm going to include in – when I impose restrictions of Jack Lewis and Larry Lewis, that includes their immediate family members. Any immediate family member of Jack or Larry Lewis is subject to the same restrictions that Jack and Larry Lewis are subject to."[9]

Jack argues that the Court adopted his attorney's statement that the Orders prohibited transfers to Plaintiff-controlled companies. Plaintiffs argue that the Orders only restricted Akirix's funds from Larry, Jack, and their immediate family, but did not preclude exchanges between Akirix and Plaintiff-controlled entities. The Court concludes that both interpretations of the state court's orders are reasonable and Plaintiffs have complied with their reasonable interpretation. Thus, there is no need to show cause on this issue.

### III. CONCLUSION

It is therefore

ORDERED that the Motion for an Order to Show Cause (Docket No. 78) is DENIED.

DATED June 17, 2020

                              BY THE COURT:

                              _____

                              Ted Stewart
                              United States District Judge

---

[8] *Id.*
[9] *See id.* at 59–60.