IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| YOU "ROLAND" LI, individually and derivatively on behalf of AKIRIX L.L.C., a Utah Limited Liability Company; LARRY LEWIS, an individual; AKIRIX L.L.C., a Utah Limited Liability Company; KURIOUS, L.L.C., a Utah Limited Liability Company; LLC INVESTMENT HOLDINGS, L.L.C., a Utah Limited Liability Company,<br><br>Plaintiffs,<br><br>v.<br><br>JACK LEWIS, an individual,<br><br>Defendant,<br><br>INTERNAL REVENUE SERVICE, a Bureau of the DEPARTMENT OF TREASURY, UNITED STATES OF AMERICA, a necessary party,<br><br>Stakeholder. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO ENFORCE OPERATING AGREEMENT<br><br>Case No. 1:20-CV-12 TS-JCB<br><br>District Judge Ted Stewart |
| AND ALL RELATED CLAIMS. | |

This matter is before the Court on Defendant's Motion to Enforce Akirix Operating Agreement and Motion for Dissolution of Injunctive Relief. For the following reasons, the Court will deny the Motion.

I. BACKGROUND

This case arises from a dispute between two brothers over an 86% ownership interest in Akirix, LLC ("Akirix"). Akirix assists international companies in conducting secured

transactions across the internet.[1] Plaintiff Larry Lewis ("Larry") and Plaintiff Roland Li ("Roland") founded Akirix in 2011 and have grown it over the past nine years.[2] Roland is the undisputed owner of the remaining 14%.[3]

Prior to removal to this Court, this case was before the Second Judicial District Court for the State of Utah. The state court entered a preliminary injunction (the "Injunction") and subsequent orders ("Orders") that prohibited either party form accessing any of Akirix's funds until ownership is established. Following the Injunction and Orders, the case was removed to this Court on February 3, 2020.

On May 4, 2020, the Court denied a Motion for Partial Summary Judgment by Plaintiffs, granted a Motion for Partial Summary Judgment by Jack, and granted in part a second Motion for Partial Summary Judgment by Jack (the "May 4 Decision").[4] In doing so, the Court concluded that on or about August 1, 2010, Jack and Larry entered into an agreement whereby Jack would act as Larry's nominee ("Nominee Agreement").[5] Under the Nominee Agreement, Jack would hold, for Larry's benefit, all of Larry's real property and his ownership interest in various legal entities, including Akirix and other companies.[6] Larry put various assets in Jack's name.[7] For use of his name, Jack accepted 10% of Larry's earnings.[8] The parties entered into the Nominee Agreement as part of a strategy to avoid pre-existing tax claims by the United States Internal Revenue Service ("IRS").[9] As part of the brothers' scheme to avoid tax-liability, Larry,

---

[1] *See* Docket No. 66, at 2.
[2] *See id.*
[3] *See id.*
[4] *See id.*
[5] *See id.*
[6] *See id.*
[7] *See id.*
[8] *See id*
[9] *See id.*

Roland, and Jack executed Akirix's Operating Agreement ("OA"). The OA issued approximately 86% of Akirix's membership units to Jack, and it issued approximately 14% to Roland. The OA issued no membership interest to Larry.[10]

Jack does not dispute the entirety of the May 4 Decision, but he does dispute the Court's conclusion that Jack planned, participated in, and benefited from the fraudulent tax scheme.[11] Jack contends that this conclusion was erroneously based on Plaintiffs' factual allegations that he specifically controverted.[12] In Jack's view, the Court's May 4 Decision resolved the ownership issue, but the Court should not have concluded that Jack's ownership claim pursuant to the OA was tainted by the fraudulent tax scheme. Jack now seeks to enforce the OA under his interpretation of the Court's May 4 Decision.

## II.     ANALYSIS

It is unclear what procedural mechanism Jack's Motion relies on. Jack's Motion is similar to a motion to reconsider the May 4 Decision. It also is akin to one for summary judgment. The Tenth Circuit has stated "[t]here is no controlling magic in the title, name, or description which a party litigant gives to his pleadings. The substance rather than the name or denomination given to a pleading is the yardstick for determining its character and sufficiency."[13] Jack's Motion seeks an outcome contrary to the May 4 Decision so the Court will characterize Jack's Motion as a motion to reconsider.

"[T]he Federal Rules of Civil Procedure do not recognize that creature known all too well as the 'motion to reconsider' or 'motion for reconsideration.'"[14] However, "a district court

---

[10] *See id.*
[11] *See* Docket No. 113, at 7.
[12] *See id.* at 6–7.
[13] *See Rubenstein v. United States*, 227 F.2d 638, 642 (10th Cir. 1955).
[14] *Warren v. Am. Bankers Ins. of Fla.*, 507 F.3d 1239, 1243 (10th Cir. 2007).

always has the inherent power to reconsider its interlocutory rulings" and is encouraged "to do so where error is apparent."[15] "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."[16] A motion for reconsideration should be granted when the court has "misapprehended the facts, a party's position, or the controlling law."[17]

To properly address Jack's Motion, the Court must revisit its prior decisions. The Court has recognized on three occasions that both Jack and Larry have unclean hands, and the Court is unwilling to aid the parties from the consequences of their fraud.[18] The Court also has stated that it will not enforce the OA.[19] Jack argues that these decisions were erroneous because the May 4 Decision found "that Jack had failed to meet his DUCivR 56-1(c)(3) obligations in opposing the Plaintiffs' Docket 25 Motion for Summary Judgment."[20] Jack argues that this error tainted the Court's later decisions because the Court improperly relied on the facts deemed admitted under Fed. R. Civ. P. 56(e)(2) in reaching its later decisions.[21]

Jack's Motion asks the Court to determine whether it erred by assuming the authenticity of Plaintiffs' factual allegations in their motion for summary judgment. Plaintiffs' 66 factual statements allege that Jack planned, participated in, and benefitted from the fraudulent tax scheme and included images of messages between Jack and Rico Ceballos where Jack allegedly

---

[15] *Id.*
[16] *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).
[17] *Id.*
[18] *See* Docket No. 66, at 10; Docket No. 106, at 7; Docket No. 108, at 3.
[19] *See* Docket No. 66, at 10.
[20] *See* Docket No. 113, at 5.
[21] *See id.* at 6.

confessed to the scheme.[22] Jack deemed 65 of Plaintiffs' allegations as "[i]mmaterial as to the ownership of Akirix" and admitted the remaining allegation.[23] In reaching its May 4 Decision, the Court assumed that Plaintiff's factual allegations were authentic and analyzed Jack's materiality arguments in the decision's "Analysis" section. Jack argues that the Court erred by assuming the allegations' authenticity because he sufficiently controverted the allegations by challenging their materiality pursuant to DUCivR56-1(c)(3).[24]

Under the local rule, a party may challenge the materiality of a factual allegation, but doing so does not necessarily controvert the allegation. It merely challenges the allegations' relevance to the issues before the Court. The May 4 Decision recognized this when it stated "Jack does not challenge the authenticity of Plaintiffs' allegations regarding the Nominee Agreement or that Akirix's OA was executed, in part, to defraud the IRS."[25] The local rule does not permit a party to skirt unsavory factual allegations by merely contesting the materiality of facts that oppose that party's legal theory. In other words, Jack complied with the local rule when he challenged the relevancy of Plaintiff's allegations, but by not disputing the allegation, the Court considered the fact undisputed and addressed Jack's materiality argument based on this. Jack was free to dispute the allegations and their relevance but chose to contest only the latter. Jack remains free to contest these facts in further proceedings.[26] However, he has presented no evidence to support his contention that his hands were clean.

The Court's May 4 Decision concluded that both parties were before the Court with unclean hands and the Court would leave the parties where it found them. As such, the Court

---

[22] *See, e.g.*, Docket No. 25, at 25–27.
[23] *See, e.g.*, Docket No. 34, at 3.
[24] *See* Docket No. 113, at 5.
[25] *See* Docket No. 66, at 7.
[26] FED. R. CIV. P. 56(e) advisory committee's notes to 2010 amendment.

5

refused to enforce the OA. These conclusions were reiterated in subsequent decisions because Jack, until now, had not requested that the Court revisit those decisions. Here, Jack presents no evidence to support his claim that he did not plan, participate in, or benefit from the fraudulent tax scheme. Without more, the Court declines to revise its prior rulings.

If Jack wishes, he may produce evidence demonstrating that he did not engage in the fraudulent tax scheme. At that time, he may also motion the Court to reconsider its prior rulings. Accordingly, the Court will deny this Motion without prejudice to allow Jack the opportunity to present evidence to support his claim.

Jack also argues that the doctrine of unclean hands in inapplicable because his claims sound in contract. However, the relief Jack seeks in this Motion is more akin to a request for declaratory judgment.[27] Such a request is an equitable remedy to which the doctrine of unclean hands applies.[28]

With respect to Jack's request to dissolve the Injunction and Orders, the Court will defer ruling on those until Jack proves his hands are clean. Jack contends that the May 4 Decision resolved Akirix's ownership issue in Jack's favor, and thus the rationale for the Injunction and Orders is inapplicable. The Court has previously stated that "the Court's May 4 decision did not establish Jack's ownership interest in Akirix. Instead, it stated that Larry had no equitable ownership claim."[29] Until Jack can persuade the Court that his hands are clean and that the May 4 Decision should be reconsidered, the Court declines to dissolve the Injunction and Orders.

---

[27] *See* Docket No. 9, at 51–52.
[28] *Houston Oilers, Inc. v. Neely*, 361 F.2d 36, 42 (10th Cir. 1966).
[29] *See* Docket No. 106, at 8.

## I. CONCLUSION

It is therefore

ORDERED that the Motion to Enforce Akirix Operating Agreement (Docket No. 99) is DENIED without prejudice.

DATED July 8, 2020

        BY THE COURT:

        _____
        Ted Stewart
        United States District Judge