IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| YOU "ROLAND" LI, individually and derivatively on behalf of AKIRIX L.L.C., a Utah Limited Liability Company; LARRY LEWIS, an individual; AKIRIX L.L.C., a Utah Limited Liability Company; KURIOUS, L.L.C., a Utah Limited Liability Company; LLC INVESTMENT HOLDINGS, L.L.C., a Utah Limited Liability Company,<br><br>     Plaintiffs,<br><br>v.<br><br>JACK LEWIS, an individual,<br><br>     Defendant,<br><br>INTERNAL REVENUE SERVICE, a Bureau of the DEPARTMENT OF TREASURY, UNITED STATES OF AMERICA, a necessary party,<br><br>     Stakeholder. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO AMEND ANSWER AND COUNTERCLAIM<br><br><br>Case No. 1:20-CV-12 TS-JCB<br><br>District Judge Ted Stewart |
| AND ALL RELATED CLAIMS. | |

This matter is before the Court on Defendant's Motion to Amend Answer and

Counterclaim. For the following reasons, the Court will deny the Motion.

         I.  BACKGROUND

This case arises from a dispute between two brothers over an 86% ownership interest in

Akirix, LLC ("Akirix"). Akirix assists international companies in conducting secured

transactions across the internet.[1] Plaintiff Larry Lewis ("Larry") and Plaintiff Roland Li

---

[1] *See* Docket No. 66, at 2.

1

("Roland") founded Akirix in 2011 and have grown it over the past nine years.[2] Roland is the undisputed owner of the remaining 14%.[3]

On May 4, 2020, the Court denied a Motion for Partial Summary Judgment by Plaintiffs, granted a Motion for Partial Summary Judgment by Jack, and granted in part a second Motion for Partial Summary Judgment by Jack (the "May 4 Decision").[4] In doing so, the Court concluded that on or about August 1, 2010, Jack and Larry entered into an agreement whereby Jack would act as Larry's nominee ("Nominee Agreement").[5] Under the Nominee Agreement, Jack would hold, for Larry's benefit, all of Larry's real property and his ownership interest in various legal entities, including Akirix and other companies.[6] Larry put various assets in Jack's name.[7] For use of his name, Jack accepted 10% of Larry's earnings.[8] The parties entered into the Nominee Agreement as part of a strategy to avoid pre-existing tax claims by the United States Internal Revenue Service ("IRS").[9] As part of the brothers' scheme to avoid tax-liability, Larry, Roland, and Jack executed Akirix's Operating Agreement ("OA"). The OA issued approximately 86% of Akirix's membership units to Jack, and it issued approximately 14% to Roland. The OA issued no membership interest to Larry.[10]

Recently, Jack requested that the Court enforce the OA, but the Court denied that request because, in the May 4 Decision, it concluded that it would not enforce the OA. The Court also declined to revise its prior decisions because Jack failed to produce evidence demonstrating that

---

[2] *See id.*
[3] *See id.*
[4] *See id.*
[5] *See id.*
[6] *See id.*
[7] *See id.*
[8] *See id*
[9] *See id.*
[10] *See id.*

2

he did not engage in the fraudulent tax scheme. Jack still has the opportunity to present evidence to support his claim but at this point he has not.

Jack moves to amend his Answer and Counterclaim under Rule 15(a)(2) of the Federal Rules of Civil Procedure. Specifically, Jack seeks leave to add Ed Cameron ("Ed"), Akirix's court-appointed CEO, as a party, and to assert various claims against Nada Lewis ("Nada"), Larry's Wife, Midnight Management Services Group, LLC ("MMSG"), and Mountain America Federal Credit Union ("MACU").[11] Each of these individuals and entities, with the exception of Ed, are already parties in some capacity to this action. Jack also seeks to add one additional claim, which allegedly matured after his original Answer.[12]

## II. MOTION TO AMEND

Motions to amend pleadings are governed by Rule 15 of the Federal Rules of Civil Procedure. "Motions to add or substitute parties are considered motions to amend and therefore must comply with Rule 15(a)."[13] Rule 15(a)(2) states that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."[14] Typically, "[r]efusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[15]

Here, leave to amend will be denied because Jack's proposed amendments are futile. Specifically, nearly all of Jack's proposed amendments hinge on his ownership theory: that the

---

[11] *See* Docket No. 111, at 4.
[12] *Id.* at 5.
[13] *U.S. ex rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir. 2009).
[14] FED. R. CIV. P. 15(a)(2).
[15] *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

OA grants Jack an 86% interest in Akirix.[16] The Court, however, has concluded, on no less than three occasions, that Jack's hands are unclean and therefore the Court will not enforce the OA because it is the fruit of an ill-advised strategy to defraud the IRS.[17] Neither Jack's proposed amendments, nor any other filing before the Court, alleges any other ownership theory. Because the Court has effectively closed the door to Jack's ownership theory under the OA, Jack's proposed amendments premised on that theory are futile.

In the same vein, Rule 15(a)(2) directs the Court to grant leave to amend "when justice so requires." Here, justice does not require leave to amend because Jack is before the Court with unclean hands. The unclean hands doctrine relies on the maxim that "he who seeks equity must do equity."[18] Similarly, he who seeks justice must do justice and here the parties' fraudulent tax scheme was perpetrated to do an injustice to the IRS. As such, the interests of justice do not permit Jack to assert new allegations based on his ownership claim that arose as the fruit of the fraudulent tax scheme. Further, it is unjust to Plaintiffs to continue to relitigate the very issues rejected by the Court on at least three prior occasions.  The Court has invited Jack to "produce evidence demonstrating that he did not engage in the fraudulent tax scheme," and that he "may also motion the Court to reconsider its prior rulings."[19] Jack has not yet done so and is not foreclosed from doing so in the future. However, until the Court is persuaded to revise its prior decisions, justice does not require the Court to grant Jack leave to amend.

---

[16] *See, e.g.,* Docket No. 85-2 ¶ 243 (assuming that Jack is Akirix's member and thus is owed a fiduciary duty by Ed); *Id.* ¶ 287 (assuming that Jack is "an owner of Akirix" and thus certain financial information is vital); *Id.* ¶ 320 ("As the 86% member of Akirix, Jack has the right to possession of Akirix and Akirix funds.").
[17] *See* Docket No. 66, at 10; Docket No. 106, at 7; Docket No. 108, at 3.
[18] *See Worthington v. Anderson*, 386 F.3d 1314, 1319 (10th Cir. 2004).
[19] *See* Docket No. 119, at 6.

Futility alone is a sufficient basis for denying Jack leave to amend. Plaintiffs also argue that Jack's proposed amendments are untimely, prejudicial, and based on an inaccurate representation of the case's history.  After carefully reviewing the proposed amendments, the Court concludes that most of the proposed amendments are timely and not unfairly prejudicial. Thus, if Jack proves that his hands are clean, then the Court will permit him to amend his Answer and Counterclaim to include any timely allegations.

### III.   CONCLUSION

It is therefore

ORDERED that Jack's Motion to Amend Answer and Counterclaim (Docket No. 85) is DENIED.

DATED July 17, 2020

BY THE COURT:

Ted Stewart
United States District Judge