IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| YOU "ROLAND" LI, individually and derivatively on behalf of AKIRIX L.L.C., a Utah Limited Liability Company; LARRY LEWIS, an individual; AKIRIX L.L.C., a Utah Limited Liability Company; KURIOUS, L.L.C., a Utah Limited Liability Company; LLC INVESTMENT HOLDINGS, L.L.C., a Utah Limited Liability Company,<br><br>                    Plaintiffs,<br><br>v.<br><br>JACK LEWIS, an individual,<br><br>                    Defendant,<br><br>INTERNAL REVENUE SERVICE, a Bureau of the DEPARTMENT OF TREASURY, UNITED STATES OF AMERICA, a necessary party,<br><br>                    Stakeholder. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO SET ASIDE MEMORANDUM DECISION AND ORDER GRANTING UNITED STATES' MOTION FOR PARTIAL SUMMARY JUDGMENT<br><br>Case No. 1:20-CV-12 TS-JCB<br><br>District Judge Ted Stewart |
| AND ALL RELATED CLAIMS. | |

This matter is before the Court on the Defendant Jack Lewis's ("Jack") Motion to Set Aside Memorandum Decision and Order Granting United States' Motion for Partial Summary Judgment. For the reasons discussed below, the Court will deny the Motion.

## I.     BACKGROUND

This case arises from a dispute between two brothers over an 86% ownership interest in Akirix, LLC ("Akirix"). Akirix assists international companies in conducting secured

transactions across the internet.[1] Plaintiff Larry Lewis ("Larry") and Plaintiff Roland Li ("Roland") founded Akirix in 2011 and have grown it over the past nine years.[2] Roland is the undisputed owner of the remaining 14%.[3]

On May 4, 2020, the Court denied a Motion for Partial Summary Judgment by Plaintiffs, granted a Motion for Partial Summary Judgment by Jack, and granted in part a second Motion for Partial Summary Judgment by Jack ("May 4 Decision").[4] In doing so, the Court concluded that on or about August 1, 2010, Jack and Larry entered into an agreement whereby Jack would act as Larry's nominee ("Nominee Agreement").[5] Under the Nominee Agreement, Jack would hold, for Larry's benefit, all of Larry's real property and his ownership interest in various legal entities, including Akirix and other companies.[6] Larry put various assets in Jack's name.[7] For use of his name, Jack accepted 10% of Larry's earnings.[8] The parties entered into the Nominee Agreement as part of a strategy to avoid pre-existing tax claims by the United States Internal Revenue Service ("IRS").[9] As part of the brothers' scheme to avoid tax-liability, Larry, Roland, and Jack executed Akirix's Operating Agreement ("OA"). The OA issued approximately 86% of Akirix's membership units to Jack, and it issued approximately 14% to Roland. The OA issued no membership interest to Larry.[10]

---

[1] *See* Docket No. 66, at 2.
[2] *See id.*
[3] *See id.*
[4] *See id.*
[5] *See id.*
[6] *See id.*
[7] *See id.*
[8] *See id*
[9] *See id.*
[10] *See id.*

On June 8, 2020, the United States of America filed a motion for partial summary judgment.[11] No parties responded to the United States' motion for partial summary judgment, and no party filed any motion for extension of time. Under the Court's local rule, any responses were due twenty-eight (28) days after service of the summary judgment motion.[12] On July 29, 2020, the Court determined that the United States' motion was unopposed, and after carefully analyzing the arguments, the Court granted the United States' motion for partial summary judgment ("July 29 Decision").[13]

Jack asks that the July 29 Decision be set aside under Federal Rule of Civil Procedure 60(b)(1) and 60(b)(6). Jack argues that the Court's decision must be set aside because Jack and the United States informally agreed to a time extension, the Court's decision was premature under the local rules, and Federal Rule of Civil Procedure 56 prohibits the Court from granting summary judgment because the motion was unopposed.

## II.    ANALYSIS

A.    Fed. R. Civ. P. 60(b)

Rule 60(b) of the Federal Rules of Civil Procedure permits the Court to relieve a party from an order because of mistake, inadvertence, surprise, excusable neglect, or any other reason that justifies relief.[14] Relief under Rule 60(b) is an extraordinary remedy and should be granted only in exceptional circumstances.[15]

A mistake under Rule 60(b)(1) occurs when a party "has made an excusable litigation mistake or an attorney in the litigation has acted without authority from a party."[16] A mistake

---

[11] *See* Docket No. 102.
[12] *See* DUCivR 7-1(b)(3)(A).
[13] *See* Docket No. 139.
[14] *See* FED. R. CIV. P. 60(b)(1), (6).
[15] *Cashner v. Freedom Stores, Inc.,* 98 F.3d 572, 576 (10th Cir. 1996).
[16] *Id.*

also occurs "where the judge has made a substantive mistake of law or fact in the final judgment or order."[17] "If the mistake alleged is a party's litigation mistake, [courts] have declined to grant relief under Rule 60(b)(1) when the mistake was the result of a deliberate and counseled decision by the party."[18]

For example, the Tenth Circuit applied the foregoing principles in *Otoe County National Bank v. W & P Trucking, Inc.*, and concluded that a defendant failed to show "mistake" under Rule 60(b)(1) when the defendant failed to file an answer because he mistakenly believed that further proceedings against him had been stayed.[19] Similarly, courts have rejected petitions for excusable mistake where a party failed to file supporting documents in response to a summary judgment motion,[20] and where a party failed to file a timely response to a motion for summary judgment.[21]

Here, Jack argues that his failure to timely file a responsive motion was excusable neglect because Jack and the United States agreed to an informal time extension.[22] This Court's local rules state that a response to a motion for summary judgment must be filed within twenty-eight days after service of the motion.[23] The rules also state that the Court's filing time rules are extendable only if approved by the Court.[24]

---

[17] *Id.*

[18] *Id.* at 577.

[19] *Otoe Cty. Nat'l Bank v. W & P Trucking, Inc.*, 754 F.2d 881, 883–84 (10th Cir. 1985).

[20] *See Wright v. Hickman*, 36 F. App'x 395, 400 (10th Cir. 2002).

[21] *See Reyna v. Am. Mach. & Foundry Co.*, No. 2:08-CV-297-TS, 2009 WL 2365250 (D. Utah July 20, 2009); *see also Patel v. Cent. Utah Clinic, P.C.*, No. 2:19-CV-542-TS-PMW, 2019 WL 6118481, at *2 (D. Utah Nov. 18, 2019).

[22] *See* Docket No. 143, at 6.

[23] DUCivR 7-1(b)(3)(A).

[24] *See* DUCivR 83-6 ("No stipulation between the parties . . . affecting the course or conduct of any civil proceeding will be effective until approved by the court.").

Here, Jack filed no responsive motion on or before July 6, the date Jack's responsive motion was due. The Court did not grant the Motion until July 29, or twenty-three days after the due date. At no time did Jack apprise the Court of any stipulated time extension. Therefore, the Court concludes that Jack waived his right to file a responsive motion by not complying with the Court's filing times.

Nevertheless, the Court has discretion to grant an after-the-fact extension if Jack demonstrates "excusable neglect."[25] The Tenth Circuit evaluates four so-called *Pioneer* factors in making this determination.[26] These include "the danger of prejudice to [the nonmoving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."[27] Admittedly, three factors—danger of prejudice to the nonmoving party, the length of delay, and good faith—favor Jack.

However, the remaining factor—the reason for the delay—is the most important, and this factor favors denying the Motion.[28] Jack's reason for delay is that Jack's counsel and the United States mutually agreed to extend Jack's filing deadline but did not make this known to the Court.[29] As previously noted, an extension that is not approved by the Court is of no effect.[30]

---

[25] FED. R. CIV. P. 6(b)(1)(b).
[26] *City of Chanute v. Williams Nat. Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd.*, 507 U.S. 380, 395 (1993)).
[27] *Id.* (quoting *Pioneer Inv. Servs. Co.*, 507 U.S. at 395) (alteration in original).
[28] *See United States v. Torres*, 372 F.3d 1159, 1163 (10th Cir. 2004).
[29] *See* Docket No. 143, at 6.
[30] *See* DUCivR 83-6; *see also Timothy v. Aqua Fin., Inc.*, 2:06-CV-921-TS-PMW, 2007 WL 4299808, at *2 (D. Utah Dec. 5, 2007) (concluding that an agreement by the parties to an extension is ineffective unless it is approved by the Court).

Further, "carelessness by a litigant or [his] counsel does not afford a basis for relief . . . ."[31] The Court concludes that Jack's reason for delay is insufficient to grant an after-the-fact extension.

B.     DUCivR 7-1(d)

DUCivR 7-1(d) states that "[f]ailure to respond timely to a motion, other than for summary judgment, may result in the court's granting the motion without further notice." Jack argues that DUCivR 7-1(d) requires that the Court give the parties notice prior to granting a motion for summary judgment even if a party failed to timely respond.[32] Jack argues that the Court erred by not providing notice prior to granting the United States' motion for summary judgment.

Jack incorrectly interprets the local rule. This rule does not require that the Court give notice prior to granting summary judgment. Instead, it simply states that motions—other than those for summary judgment—may be granted based solely on a parties' failure to respond.[33] The rule embodies Supreme Court and Tenth Circuit case law, which holds that unopposed summary judgment motions may only be granted by "examin[ing] the moving party's submission to determine if it has met its initial burden of demonstrating that no material issues of fact remain for trial and the moving party is entitled to judgment as a matter of law."[34]

This reading is bolstered by DUCivR 56-1(d), the Court's local rule on summary judgment practice. That rule—which Jack does not mention—states that "failure to respond timely to a motion for summary judgment may result in the court's granting the motion *without further notice*, provided the moving party has established that it is entitled to judgment as a

---

[31] *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990).

[32] *See* Docket No. 143, at 7–8.

[33] *See, e.g., Howell v. Dep't of the Treasury*, No. 2:19-CV-357-HCN-PMW, 2020 WL 2065843, at *2 (D. Utah Mar. 6, 2020).

[34] *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002).

matter of law."[35] Thus, the local rules do not require notice before the Court may rule on an unopposed motion for summary judgment. Instead, the Court must ensure that the moving party is entitled to judgment before summary judgment is entered.

Here, the Court recognized that the United States' summary judgment motion was unopposed, and in keeping with *Reed*, examined the United States' motion to determine whether summary judgment was warranted.[36] The Court did not grant the motion simply because it was unopposed.[37] The Court was not required to give notice to Jack prior to granting the Motion. Instead, it was Jack's responsibility to provide notice to the Court of any stipulated time extension.[38] The Court did not violate its own local rule; Jack simply misinterprets it and, importantly, ignores the more specific rule set out in DUCivR56-1(d).

C.     No Request to Submit Filed

Jack argues that because no party filed a request to submit under DUCivR 7-3 "Jack was not on notice he needed to inform the Court he understood the United States as having granted an extension . . . ."[39] This is wrong for two reasons. First, DUCivR 83-6 states that "[n]o stipulation between the parties . . . affecting the course or conduct of any civil proceeding will be effective until approved by the court." This is sufficient notice to Jack that any informal time extension is of no effect unless the Court is apprised of the stipulation. Second, DUCivR 7-3 states "[w]hen the briefing on a motion has been completed or when the time for such briefing has expired, either party *may* file a 'Request to Submit for Decision.'"[40] This rule is permissive. Neither the

---

[35] DUCivR 56-1(d) (emphasis added).
[36] *See* Docket No. 139, at 4.
[37] *See generally* Docket No. 139.
[38] *See* DUCivR 83-6.
[39] Docket No. 143, at 9.
[40] DUCivR 7-3 (emphasis added).

Court nor any party is required to do anything. Further, nothing in this rule prohibits the Court from acting without a request. Jack's reliance on DUCivR 7-3 is misplaced.

D.     Summary Judgment was Proper

Jack's final argument is that regardless of Jack's failure to respond, the United States' factual allegations were insufficient to support its legal theories.[41] Specifically, the United States' factual allegations rely on the Court's May 4 Decision. In that decision, the Court assumed Plaintiffs' allegations as true and concluded that the brothers engaged in a scheme to defraud the IRS. The Court did so because Jack failed to controvert Plaintiffs' factual allegations. Jack has continually insisted that the Court's May 4 Decision was erroneous. What Jack has not done, however, is provide evidence disputing the May 4 Decision's specific factual statements and directly ask the Court to reconsider the May 4 Decision.

Importantly, in its motion, the United States also made allegations regarding the fraudulent tax scheme and cited to the record for support. Jack failed to timely dispute those allegations. Because these allegations were undisputed, the Court's July 29 Decision, like the May 4 Decision, assumed the allegations to be true.[42] If Jack wished to dispute the allegations, he should have followed the Federal Rules of Civil Procedure and filed a timely opposition.[43] His failure to do so does not render the Court's decision erroneous.

III.     CONCLUSION

It is therefore

ORDERED that Jack's Motion to Set Aside Memorandum Decision and Order Granting United States' Motion for Partial Summary Judgment (Docket No. 143) is DENIED.

---

[41] *See* Docket No. 143, at 10.
[42] *See* FED. R. CIV. P. 56(e)(2).
[43] *See* FED. R. CIV. P. 56(c).

DATED August 7, 2020

BY THE COURT:

_____
Ted Stewart
United States District Judge