IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| YOU "ROLAND" LI, individually and derivatively on behalf of AKIRIX L.L.C., a Utah Limited Liability Company; LARRY LEWIS, an individual; AKIRIX L.L.C., a Utah Limited Liability Company; KURIOUS, L.L.C., a Utah Limited Liability Company; LLC INVESTMENT HOLDINGS, L.L.C., a Utah Limited Liability Company, <br><br> Plaintiffs, <br><br> v. <br><br> JACK LEWIS, an individual, <br><br> Defendant, <br><br> INTERNAL REVENUE SERVICE, a Bureau of the DEPARTMENT OF TREASURY, UNITED STATES OF AMERICA, a necessary party, <br><br> Stakeholder. | MEMORANDUM DECISION AND ORDER GRANTING MOTIONS TO DISMISS <br><br><br> Case No. 1:20-CV-12 TS-JCB <br><br> District Judge Ted Stewart |
| AND ALL RELATED CLAIMS. | |

This matter is before the Court on Motions to Dismiss filed by Akirix L.L.C, Roland Li, Kurious, LLC, OCP L.L.C., LLC Investment Holdings, LLC, Larry Lewis, and Capital L, LLC;[1]

---

[1] Docket No. 123. For reasons that are not clear, these same parties have filed two additional motions to dismiss advancing the same arguments. Docket Nos. 200, 206. Those motions will be denied as moot.

1

Nada Lewis and Midnight Management Services Group, LLC;[2] Ed Cameron;[3] and Mountain America Credit Union.[4] For the reasons discussed below, the Court will grant the Motions.

## I. BACKGROUND

This case arises from a dispute between two brothers, Larry Lewis ("Larry") and Jack Lewis ("Jack"), over an 86% ownership interest in Akirix, LLC ("Akirix"). Akirix assists international companies in conducting secured transactions across the internet. Larry and Plaintiff Roland Li ("Roland") founded Akirix in 2011 and have grown it over the past nine years. Roland is the undisputed owner of the remaining 14%.

On or about August 1, 2010, Jack and Larry entered into an agreement whereby Jack would act as Larry's nominee ("Nominee Agreement"). Under the Nominee Agreement, Jack would hold, for Larry's benefit, all of Larry's real property and his ownership interest in various legal entities, including Akirix and other companies. Larry put various assets in Jack's name. For use of his name, Jack accepted 10% of Larry's earnings.

The Court has previously found that Larry transferred assets into Jack's name as part of a strategy to avoid pre-existing tax claims by the United States Internal Revenue Service ("IRS").[5] As part of the brothers' scheme to avoid tax-liability, Larry, Roland, and Jack executed Akirix's Operating Agreement ("OA"). The OA issued approximately 86% of Akirix's membership units to Jack, 14% to Roland, and no membership interest to Larry.

In September 2019, Plaintiffs filed suit against Jack in state court accusing him of various torts and seeking declaratory and injunctive relief. This case was later removed by the United

---

[2] Docket No. 125.
[3] Docket No. 130.
[4] Docket No. 173.
[5] Docket Nos. 66, 119, 127, 139, and 148.

States. On May 4, 2020, the Court granted partial summary judgment in Jack's favor thereby dismissing Plaintiffs' claims (the "May 4 Order").[6] The Court found that both Larry and Jack had unclean hands and thus Larry was ineligible for equitable remedies. The Court also made clear that it was not enforcing the OA or Nominee Agreement but was simply leaving the parties where it found them. On multiple occasions the Court has repeated that Jack's hands are unclean and, accordingly, the Court will not enforce the Nominee Agreement or the OA because they are the fruits of an ill-advised strategy to defraud the IRS.[7]

In response to interpleader claims filed by the United States and Zions Bancorporation, Jack has asserted a number of counterclaims, cross-claims, and third-party claims that are the subject of the instant Motions. As the Court has previously noted, Jack's claims hinge on his theory that the OA grants him an 86% interest in Akirix and that the OA is enforceable.[8] The moving parties raise a number of arguments as to why Jack's claims against them should be dismissed, including that Jack's claims fail under the law of the case doctrine.

## II.   MOTION TO DISMISS STANDARD

In considering a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party.[9] Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face,"[10] which requires "more than an unadorned, the-defendant-unlawfully-

---

[6] Docket No. 66.

[7] Docket Nos. 66, 119, 127, 139, and 148.

[8] Docket No. 127.

[9] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[10] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

harmed-me accusation."[11] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[12]

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[13] As the Court in *Iqbal* stated,

> only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.[14]

In considering a motion to dismiss, a district court considers not only the complaint "but also the attached exhibits,"[15] the "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[16] The Court "may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity."[17]

---

[11] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[12] *Id.* (quoting *Twombly*, 550 U.S. at 555, 557) (alteration in original).

[13] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[14] *Iqbal*, 556 U.S. at 679 (internal citations, quotation marks, and alterations omitted).

[15] *Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1201 (10th Cir. 2011).

[16] *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

[17] *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002).

### III.   DISCUSSION

"Generally, 'once a court decides an issue, the same issue may not be relitigated in subsequent proceedings in the same case.'"[18] However, "three 'exceptionally narrow' grounds justify departing from the law of the case doctrine: '(1) when the evidence in a subsequent trial is substantially different; (2) when controlling authority has subsequently made a contrary decision of the law applicable to such issues; or (3) when the decision was clearly erroneous and would work a manifest injustice.'"[19]

Jack fails to satisfy any of these narrow exceptions.  Jack's claims hinge on his theory that the OA grants him an 86% interest in Akirix and that the OA is enforceable. But the Court has repeatedly concluded that Jack's hands are unclean and therefore the Court will not enforce the OA. Although Jack has attempted to present evidence to rebut the Court's finding of unclean hands,[20] this evidence appears to have been available to Jack at the time the Court issued its prior decisions. Under the first exception, "a party may not rely on evidence that was available to it at the time of the prior ruling" to avoid application of the law of the case doctrine.[21] Thus, the first exception does not provide grounds to depart from the law of the case doctrine. The second exception is also inapplicable because there is no suggestion that there is new, controlling authority on the issues decided. Finally, to be clearly erroneous under the third exception, a prior decision must be more than "just maybe or probably wrong; it must . . . strike us as wrong with

---

[18] *Grigsby v. Barnhart*, 294 F.3d 1215, 1218 (10th Cir. 2002) (quoting *Ute Indian Tribe of the Uintah & Ouray Reservation v. Utah*, 114 F.3d 1513, 1520 (10th Cir. 1997)).

[19] *Huffman v. Saul Holdings Ltd. P'ship*, 262 F.3d 1128, 1133 (10th Cir. 2001) (quoting *McIlravy v. Kerr-McGee Coal Corp.*, 204 F.3d 1031, 1035 (10th Cir. 2000).

[20] *See* Docket No. 143 Ex. D.

[21] *In re Antrobus*, 563 F.3d 1092, 1098 (10th Cir. 2009).

the force of a five-week-old, unrefrigerated dead fish."[22] Jack has not demonstrated that the Court's previous decisions were so repugnant.

The Court recognizes that it is free to reconsider its prior orders[23] and has made that clear to the parties.[24] "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."[25] Jack has yet to directly seek reconsideration of the Court's finding that he has unclean hands. Absent a reversal of the Court's May 4 Order, Jack's current claims fail and will be dismissed.

Lastly, in its Motion, Mountain America Credit Union requests attorney's fees. However, it cites no contract or statutory provision that would allow for such relief.[26] Therefore, that request will be denied.

## IV. CONCLUSION

It is therefore

ORDERED that the Motions to Dismiss filed by Akirix L.L.C, Roland Li, Kurious, LLC, OCP L.L.C., LLC Investment Holdings, LLC, Larry Lewis, and Capital L, LLC; Nada Lewis and Midnight Management Services Group, LLC; Ed Cameron; and Mountain America Credit Union (Docket Nos. 123, 125, 130, and 173) are GRANTED. It is further

---

[22] *Id.* at 1098 n.2 (quoting *Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988)).

[23] *Been v. O.K. Indus., Inc.*, 495 F.3d 1217, 1225 (10th Cir. 2007); Fed. R. Civ. P. 54(b).

[24] *See* Docket No. 148, at 8.

[25] *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

[26] *See Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 252–53 (2010) ("Our basic point of reference when considering the award of attorney's fees is the bedrock principle known as the 'American Rule': Each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise.") (internal quotation marks and citations omitted).

ORDERED that Mountain America Credit Union's Motion for Attorney Fees (Docket No. 173) is DENIED. It is further

ORDERED that the duplicative Motions to Dismiss filed by Akirix L.L.C, Roland Li, Kurious, LLC, OCP L.L.C., LLC Investment Holdings, LLC, Larry Lewis, and Capital L, LLC (Docket Nos. 200 and 206) are DENIED AS MOOT.

The parties are directed to submit a proposed scheduling order within fourteen (14) days of this Order.

DATED December 7, 2021.

BY THE COURT:

_____
Ted Stewart
United States District Judge