IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| YOU "ROLAND" LI, individually and derivatively on behalf of AKIRIX L.L.C., a Utah Limited Liability Company; LARRY LEWIS, an individual; AKIRIX L.L.C., a Utah Limited Liability Company; KURIOUS, L.L.C., a Utah Limited Liability Company; LLC INVESTMENT HOLDINGS, L.L.C., a Utah Limited Liability Company,<br><br>Plaintiffs,<br><br>v.<br><br>JACK LEWIS, an individual,<br><br>Defendant,<br><br>INTERNAL REVENUE SERVICE, a Bureau of the DEPARTMENT OF TREASURY, UNITED STATES OF AMERICA, a necessary party,<br><br>Stakeholder. | MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR INTERPLEADER OF FUNDS AND DISMISSAL OF ZIONS BANCORPORATION<br><br><br>Case No. 1:20-CV-12 TS-JCB<br><br>District Judge Ted Stewart |
| AND ALL RELATED CLAIMS. | |

This matter is before the Court on a Motion for Interpleader of Funds and Dismissal of Zions Bancorporation. For the reasons discussed below, the Court will grant the Motion.

I.   BACKGROUND

Zions Bancorporation ("Zions") seeks an order directing it to deposit with the Clerk of Court the balance of an account that Jack Lewis ("Jack"), acting on behalf of Proshield Insurance Group Series No. 23, opened at Zions (the "Account"). Zions is currently holding $1,043,290.53 in the Account, which is claimed by at least two parties in this action.

1

II.   DISCUSSION

Federal Rule of Civil Procedure 22(a)(1) states that "[p]ersons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead."[1] Interpleader under Rule 22 "affords a party who fears being exposed to the vexation of defending multiple claims to a limited fund or property that is under his control a procedure to settle the controversy and satisfy his obligation in a single proceeding."[2] Federal Rule of Civil Procedure 67 requires leave of the Court before funds may be deposited.

"The primary test for determining the propriety of interpleading the adverse claimants and discharging the stakeholder . . . is whether the stakeholder legitimately fears multiple vexation directed against a single fund."[3] Here, multiple parties have asserted claims to the Account. Zions has a contractual right to close the Account and seeks to do so. Thus, Zions has met the standard for interpleader relief.

Zions also seeks discharge from further liability once it deposits the funds with the Clerk of Court. "[T]he general equitable powers of the court permit it to receive a deposit and to discharge the stakeholder if the stakeholder in fact is indifferent."[4] No party has lodged claims directly against Zions, nor do they oppose its dismissal. Jack opposes Zions' Motion generally and moves to strike it, arguing that it is untimely. Jack relies on the Scheduling Order, which set

---

[1] Zions' claim for interpleader cites both 28 U.S.C. § 1335 (Statutory Interpleader) and Fed. R. Civ. P. 22 (Rule Interpleader). For the Court to have subject matter jurisdiction over a statutory interpleader action, there must be two or more adverse claimants of diverse citizenship. Here, the citizenship of the parties has never been properly pleaded. Therefore, the Court cannot determine whether the claimants are diverse and will proceed under Rule 22, which allows for subject matter jurisdiction where, as here, a federal question is presented. 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1710 (3d ed. 2001).

[2] *Id.* § 1704.

[3] *Id.*

[4] *Id.* § 1716.

a dispositive motion deadline of June 8, 2020. Since Zions' Motion was filed on July 14, 2020, Jack argues it should be disregarded. A dispositive motion is one "that, if granted, results in a judgment on the case as a whole, as with a motion for summary judgment or a motion to dismiss."[5] Interpleader actions are procedural devices that do not affect the substantive rights of the parties.[6] Thus, Jack's reliance on the Scheduling Order is misplaced.

### III. CONCLUSION

It is therefore

ORDERED that the Motion for Interpleader of Funds and Dismissal of Zions Bancorporation (Docket No. 122) is GRANTED. It is further

ORDERED that Jack's Motion to Strike (Docket No. 136) is DENIED. It is further

ORDERED that Zions may deposit with the registry of the court $1,043,290.53 in interplead funds in its possession that are in dispute in this matter. It is further

ORDERED that the Clerk of the Court shall accept and receive the funds deposited by Zions, place them in an account maintained for the purpose of holding and accounting for funds interplead pursuant to this order, there to abide the judgment of the Court pursuant to Fed. R. Civ. P. 22 and 28 U.S.C. § 1335. It is further

ORDERED that Zions is DISMISSED upon deposit of the funds held in the Account.

DATED December 7, 2021.

BY THE COURT:

_____
Ted Stewart
United States District Judge

---

[5] *Dispositive Motion*, Black's Law Dictionary (11th ed. 2019).

[6] *Great Falls Transfer & Storage Co. v. Pan Am. Petroleum Corp.*, 353 F.2d 348, 350 (10th Cir. 1965); see also 44B Am. Jur. 2d Interpleader § 4 ("Interpleader is a procedural device not intended to alter substantive rights.") (internal citations omitted).